IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY STOCKER MINA,                :
                                     :
           Plaintiff,               :    CIVIL ACTION NO. 14-MC-254
                                     :
    v.                              :
                                     :
ENET ADVERTISING, OPTIMA WEB         :
DESIGN, RON SHUR, NICKOLAI           :
POTAPOV, and JUDGE JOHN L.           :
BRAXTON,                             :
                                     :
           Defendants.              :

### MEMORANDUM OPINION

Smith, J.                                                       February 10, 2015

    This matter has come before the court on an application to proceed *in forma pauperis* ("IFP") and a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure filed by the *pro se* plaintiff. In the motion, the plaintiff is essentially seeking relief from an order entered in a state-court civil action. Although it appears that the plaintiff is entitled to proceed IFP, his attempt to use Rule 60(b) to overturn a state-court civil order is wholly improper and, as such, the court grants the application to proceed IFP but denies the motion for relief.

### I.    PROCEDURAL HISTORY

    This action represents one of multiple actions filed by the *pro se* plaintiff, Anthony Stocker Mina, in September 2014.[1] On September 11, 2014, the plaintiff filed an application in this case to proceed *in forma pauperis* and a motion for relief from judgment. *See* Doc. No. 1. In the motion for relief, the plaintiff seeks relief from an October 9, 2013 order dismissing the plaintiff's complaint with prejudice entered by the Honorable John L. Braxton of the Chester County Court of Common Pleas in the matter of *Mina v. Enet Advertising, et al.*, No. 2013-cv-

---

[1] His other actions are docketed at Civil Action Nos. 14-mc-221, 14-mc-222, and 14-mc-259.

2659.² *See* Motion for Relief from J. at ¶¶ 3 & Ex. A. The plaintiff seeks to have the court vacate this order because (1) "it was entered after the Defendant provide [the Court of Common Pleas] fraudulent facts concerning pertinent information requested in a Notice to Attend and Produce," and (2) "Judge Braxton . . . abused his discretion when making his decisions, which make [sic] the entire judgment dated October 9, 2013 void." Mem. in Supp. of Pl.'s Mot. for Relief from J. Dated Oct. 9, 2013 at 1, Doc. No. 1-1.

## II.   DISCUSSION

As the plaintiff has sought leave to proceed IFP, the court addresses the application to proceed IFP before addressing the merits of the motion for relief.

### A.   The IFP Motion

Regarding applications to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). When addressing applications to proceed *in forma pauperis* under section 1915, district courts undertake a two-step analysis: "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).³

---

² Despite the explicit reference to these orders serving as the focus of the request for relief, the plaintiff references and attaches documents relating to multiple other actions in the Court of Common Pleas of Chester County. *See, e.g.*, Mot. for Relief at ¶¶ 6, 10 & Exs. B-D. Additionally, despite the reference to the order and judgment complained of, the plaintiff uses a significant number of paragraphs in his motion to discuss occurrences in these other cases. *See id.* at ¶¶ 10-35.

³ The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of

Concerning the litigant's financial status, the litigant must establish that he or she is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

Here, after reviewing the IFP Motion, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the court grants the plaintiff leave to proceed *in forma pauperis*.

### B. Review Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether this action is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"). An action is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). In addressing whether a *pro se* plaintiff's action is frivolous, the court must liberally construe the allegations in the operative document. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (discussing review of complaint).[4]

---

poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996)). The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

[4] Regarding the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing an action for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See*

3

As indicated above, the plaintiff seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief[,]

Fed. R. Civ. P. 60(b).

Although Rule 60(b) provides the aforementioned grounds for relief from a final judgment or order, this rule is inapplicable to state-court proceedings. *See, e.g.*, *Graham v. South Carolina, C.A.*, No. 6:11-595, 2012 WL 527606, at *2 (D.S.C. Feb. 16, 2012) ("Petitioner misunderstands the import of Rule 60(b), which provides that a federal district court may provide relief from its own civil judgments. Rule 60(b) does not authorize a federal district court to review a state criminal conviction and judgment, as is the case here."). In particular, any such attempt would violate the *Rooker—Feldman* doctrine. *See Reardon v. Leason*, 408 F. App'x 551, 553 (3d Cir. 2010) ("[B]ecause [the plaintiff] is effectively asking the District Court void a

---

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

state court conviction, he is barred from doing so under the *Rooker-Feldman* doctrine." (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)); *Burnett v. Amrein*, 243 F. App'x 393, 395 (10th Cir. 2007) (concluding district court correctly denied plaintiffs' motion to vacate state-court civil judgment insofar as "Fed.R.Civ.P. 60(b) does not authorize a federal court to relieve the [plaintiffs] of a judgment entered in state court . . . because any such action would violate the *Rooker—Feldman* doctrine." (internal quotations and citations omitted)).[5] Accordingly, because Rule 60(b) does not provide a vehicle for the type of relief that the plaintiff seeks, *i.e.* the vacation of a state-court order, this action is frivolous and, as such, the court denies the motion for relief and dismisses this action with prejudice.

### III.   CONCLUSION

The plaintiff has established that, for purposes of this action, he is entitled to proceed IFP. Nonetheless, the plaintiff may not use Rule 60(b) to attempt to vacate the order entered in the Court of Common Pleas of Chester County. Accordingly, the court denies the motion seeking relief under Rule 60(b) and dismisses this action with prejudice.

An appropriate order follows.

BY THE COURT:

_____
EDWARD G. SMITH, J.

02/11/15
Copies E-Mailed

---

[5] The *Rooker—Feldman* doctrine "established the principle that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 165.